FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 31 2013

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRUCE A. PEDEN                                              PLAINTIFF

VS.                                   NO. CV 3:13-cv-00030 BRW/JTK

JURY TRIAL DEMANDED

BUCKEYE RETIREMENT CO., LLC, LTD
and BRIDGES, YOUNG, MATTHEWS and
DRAKE, PLC                                                 DEFENDANTS

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

COMPLAINT

COMES NOW the Plaintiff, Bruce A. Peden, through his undersigned attorney, and for his complaint against the Defendants, states and alleges as follows:

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

-1-

## PARTIES

4. Plaintiff Bruce A. Peden is a single person who resides in the City of Turrell, County of Crittenden, State of Arkansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Bridges, Young, Matthews and Drake, PLC (hereinafter "Defendant Law Firm") is a collection agency operating from an address of 315 E. 8th Avenue, Pine Bluff, AR 71611, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Buckeye Retirement Co., L.L.C., LTD, (hereinafter "Defendant Buckeye") is an Ohio Limited Liability Company that is not registered with the Arkansas Secretary of State to conduct business in the State of Arkansas operating from an address of 100 N. Center Street, Newton Falls, OH 44444-1321, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime prior to June 2, 1986, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, financing for a vehicle through Florida National Bank, N.A (hereinafter referred to as "Florida National").

8. Following the purchase of said vehicle, Plaintiff Peden fell behind in his payments on this account. Florida National declared the account was in default.

9. Florida National thereafter repossessed the vehicle from Plaintiff. The vehicle was sold by Florida National, the proceeds were applied to Plaintiff's account, but a deficiency was left owed by Plaintiff.

10. Florida National sued the Plaintiff for the deficiency owed by filing a Complaint with the Clerk of the Circuit Court of Duval County, Florida bearing case number 86-7340-CA.

11. A judgment was rendered in Florida National's favor for a total of $6,957.93 and entered on February 27, 1990. A copy of said Final Judgment is attached hereto as Exhibit "A".

12. Sometime since the entry of the Final Judgment, the balance owing was consigned, placed, or otherwise transferred to the Defendant Buckeye for collection.

13. Defendant Buckeye retained Defendant Law Firm for its services in collecting upon the balance of said judgment.

14. On July 17, 2006, this Judgment was domesticated by Affidavit at the prompting of Defendant Law Firm by filing an Affidavit with the Clerk of the Circuit Court of Crittenden County, Arkansas. This Affidavit is attached hereto as Exhibit "B".

15. On September 22, 2011, at the prompting of Defendant Law Firm, the Deputy Clerk of the Circuit Court of Crittenden County issued a Writ of Garnishment for payment of this Judgment. A copy of the Writ of Garnishment is attached hereto as Exhibit "C".

16. Defendant Law Firm sent a copy of the Writ of Garnishment upon its execution to Plaintiff's employer, the West Memphis School District.

17. That the first withdrawal of Plaintiff's pay check began on October 18, 2011, and has continued to date. As of January 18, 2013, a total of $9,294.23 has been withheld from the Plaintiff's wages as a result of the execution of writ of garnishment upon Plaintiff's employer.

18. The statute of limitations to collect upon a civil judgment is twenty (20) years pursuant to Florida Code § 95.11.

19. Neither Defendants nor any other entity has initiated any proceedings with the Clerk of the Circuit Court of Duval County, Florida to revive the judgment since its entry on February 27, 1990.

20. The execution of the Writ of Garnishment by Defendants on a Judgment whose statute of limitation had lapsed and the subsequent collection upon the judgment through the illegal writ is a violation of numerous and multiple provisions the Fair Debt Collection Practices Act including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(3), 1692f, 1692 f(1), 1692f(6) amongst others.

*Summary*

21. Plaintiff has suffered actual damages as a result of these illegal actions of the Defendants in the form of loss of income, conversion damages, humiliation, anger, anxiety, emotional distress, frustration, embarrassment, amongst other negative emotions.

## TRIAL BY JURY

22. Plaintiff hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25. As a result of each and every Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

## WRONGFUL GARNISHMENT

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions by these Defendants in the attempts to collect a consumer debt from Plaintiff violated Arkansas Code Annotated § 16-110-401 in that the Defendants did not have proper grounds to ask the Clerk of the Court to swear out a Writ of Garnishment and therefore Plaintiff Peden is entitled to actual damages, and his reasonable attorney's fees and costs, herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## WRONGFUL GARNISHMENT

- for an award of actual damages against Defendants for Plaintiff as a result of the wrongful garnishment pursuant to Arkansas law; and

- and for such other and further relief as may be just and proper.

- for such other and further relief as may be just and proper.

        Respectfully submitted,
        Bruce A. Peden, Plaintiff

By: _____
        Sara Rogers  (ARBIN 03975)
        Attorney for Plaintiff
        P.O. Box 5545
        West Memphis, AR  72303
        870-732-8787

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARKANSAS )
) ss
COUNTY OF CRITTENDEN )

Plaintiff Bruce A. Peden, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Bruce A. Peden

Subscribed and sworn to before me this 29th day of January, 2013.

_____
                               Notary Public

My Commission Expires:

KAREN B. MCATEER
MY COMMISSION # 12365180
EXPIRES: December 10, 2021
Crittenden County

-8-

VOL 6859 PG 0282

OFFICIAL RECORDS

IN THE CIRCUIT COURT IN THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.: 86-7340-CA

DIVISION: CV-M

FLORIDA NATIONAL BANK,
A NATIONAL BANKING ASSOCIATION,

    Plaintiff,

vs.

BRUCE A. PEDEN,

    Defendant(s).

FILED FEB 27 1990
CLERK CIRCUIT COURT

## FINAL JUDGMENT

The Court finding that the defendant, BRUCE A. PEDEN, is indebted to plaintiff in the sum of $4,060.70 together $2,147.23 interest and $ 750.00 attorney's fees; it is

ADJUDGED that the plaintiff, FLORIDA NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, recover from defendant, BRUCE A. PEDEN, the sum of $ 6957.93 and costs herein taxed at $65.50 for all of which let execution issue.

ORDERED at DUVAL County, Florida this 27th day of February, 1989.

    _____
    Judge

Copies to:

Hiday & Ricke, P.A.
4811 Beach Boulevard, Suite 301
Jacksonville, Florida 32207

Bruce Peden
USS Carr
FFG 52
FPO Miami, Florida 34090-1506

This Judgment shall accrue interest at the rate of 12% pursuant to Florida law.

Exhibit "A"

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

**BUCKEYE RETIREMENT CO., LLC, LTD.**                                        **PLAINTIFF**

V.              NO. CV2006-359

**BRUCE A. PEDEN**                                                     **DEFENDANT**

### AFFIDAVIT

Comes now John P. Talbot, having first been duly sworn, and on oath states as follows:

1. My name is John P. Talbot. I am licensed to practice law in the State of Arkansas, and I represent the Plaintiff in this matter, Buckeye Retirement Co., LLC, Ltd.

2. My client has provided information that a judgment was rendered on February 27, 1990 in the Fourth Judicial Circuit of the Circuit Court in and for Duval County, Florida, Case No. 86-7340-CA, <u>Florida National Bank, a National Banking Association v. Bruce A Peden</u>, and that such judgment was subsequently assigned to it. In accordance with Ark. Code Ann. § 16-66-602, a copy of the judgment, authenticated in accordance with the act of Congress, is being filed simultaneously herewith. Copies of the assignments to my client are also being filed simultaneously herewith.

3. I am submitting this affidavit in accordance with Ark. Code Ann. § 16-66-603, in order to register the Florida judgment with the Circuit Court of Crittenden County, Arkansas.

4. The last known address for Bruce A. Peden, the judgment debtor, is 29 East Elm Street, Turrell, Arkansas 72384. The last known address for the judgment creditor is

Exhibit "B"

100 North Center Street, Newton Falls, OH 44444. The judgment creditor can also be reached through my office, Bridges, Young, Matthews & Drake PLC, P.O. Box 7808, Pine Bluff, AR 71611.

DATED this _13_ day of _July_, 2006.

> BRIDGES, YOUNG, MATTHEWS
> & DRAKE PLC
> P. O. Box 7808
> Pine Bluff, AR 71611
> Telephone No. (870) 534-5532
>
> By _____
> John P. Talbot, ABN 97119
> Attorneys for Plaintiff

STATE OF ARKANSAS
COUNTY OF JEFFERSON

SUBSCRIBED AND SWORN TO before me this _13_ day of _July_, 2006.

_____
Notary Public

My commission expires:

_10-15-2013_

RACHAEL L. FRENCH
NOTARY PUBLIC-STATE OF ARKANSAS
JEFFERSON COUNTY
My Commission Expires 10-15-2013

F:\DOCS\TALBOT\CADLE\PEDEN, BRUCE\JT0817-0070  Buckeye Retirement Co. v. Bruce A. Peden   Affidavit.wpd

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

BUCKEYE RETIREMENT CO., L.L.C., LTD.     PLAINTIFF

V.     CASE NO. CV-2006-359-1

BRUCE A. PEDEN     DEFENDANT
SSN: XXX-XX-0455

GARNISHEE:     WEST MEMPHIS SCHOOL DISTRICT

FILED at 10:55 o'clock _A_ m SEP 22 2011 TERRY HAWKINS CIRCUIT CLERK C.S.

## WRIT OF GARNISHMENT

WHEREAS, Florida National Bank obtained a judgment in the Circuit Court in and for Duval County, Florida on February 27, 1990 against Bruce A. Peden, and

WHEREAS, said judgment has been assigned to Buckeye Retirement Co., L.L.C., Ltd., and registered in Arkansas; and

WHEREAS, said judgment remains unsatisfied in the amount of $25,925.82, including interest accrued through August 1, 2011;

NOW, THEREFORE, Garnishee is directed to prepare a written Answer to the Allegations and Interrogatories set forth below, under oath, and to file this Answer in the Circuit Court of White County, Arkansas. A copy of the written answer should be mailed to Plaintiff or Plaintiff's attorney and the answer should contain a certificate of such service. **FAILURE TO ANSWER WITHIN 20 DAYS MAY RESULT IN DEFAULT JUDGMENT.**

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at Marion, Arkansas on this _____ day of September, 2011.

CRITTENDEN COUNTY CIRCUIT CLERK
100 COURT STREET
MARION, AR 72364

TERRY HAWKINS, CIRCUIT CLERK
By_____D.C.

## ALLEGATIONS AND INTERROGATORIES

**The Plaintiff alleges the following:**

1. That Defendant Bruce A. Peden is indebted to Plaintiff in the sum of $25,925.82, including interest accrued through August 1, 2011, with interest continuing to accrue at the rate of $2.34 per day.
2. That Garnishee herein was on and after the date of service of the Writ of Garnishment indebted to Defendant in the sum of $25,925.82.
3. That Garnishee on and after the date aforesaid had in its hands and possession certain goods, chattels, moneys, credits and effects belonging to Defendant of said value.

**And Plaintiff propounds to Garnishee the following Interrogatories:**

1. Were you on or after the date of service of this Writ of Garnishment indebted to Defendant? If so, how were you indebted and for what amount?
2. Had you in your hands and possession on or after said date any goods, chattels, moneys, credits or effects belonging to said Defendant? If so, what was the nature and value thereof?
3. Is the Defendant employed by you? If so, please state the following:
   (a) Rate of pay per pay period.
   (b) Number of hours usually worked during a pay period.
   (c) Type of pay per pay period, i.e., weekly, bi-weekly, etc.
   (d) Date when the employee is paid.
4. If the Defendant is not employed by you, please state the name and address of the Defendant's employer, if known.

BRIDGES, YOUNG, MATTHEWS & DRAKE PLC
P. O. Box 7808
Pine Bluff, AR 71611
Telephone No. (870)534-5532

By_____
John P. Talbot, ABN 97119
Attorneys for Plaintiff

***SEE NOTICES ON BACK***

Exhibit "C"

## NOTICE TO DEFENDANT OF YOUR RIGHT TO KEEP WAGES, MONEY AND OTHER PROPERTY FROM BEING GARNISHED

The Writ of Garnishment or Writ of Execution delivered to you with this Notice means that wages, money or other property belonging to you has been garnished in order to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP YOUR MONEY OR PROPERTY FROM BEING TAKEN, SO READ THIS NOTICE CAREFULLY.

State and federal laws say that certain money and property may not be taken to pay certain types of court judgments. Such money or property is said to be 'exempt' from garnishment.

For example under the Arkansas Constitution and state law, you will be able to claim as exempt all or part of your wages or other personal property.

As another example, under federal law the following are also exempt from garnishment:

Social Security, SSI, Veteran's benefits, AFDC (welfare), unemployment compensation, workers' compensation.

You have a right to ask for a court hearing to claim these or other exemptions. If you need legal assistance to help you try to save your wages or property from being garnished, you should see a lawyer. If you can't afford a private lawyer, contact your local bar association or ask the clerk's office about any legal services program in your area.

## NOTICE TO EMPLOYER GARNISHEE

FAILURE TO ANSWER THIS WRIT WITHIN 20 DAYS OR FAILURE OR REFUSAL TO ANSWER THE INTERROGATORIES ATTACHED HERETO SHALL RESULT IN THE COURT ENTERING A JUDGMENT AGAINST YOU AND YOU BECOMING PERSONALLY LIABLE FOR THE AMOUNT OF THE NON-EXEMPT WAGES OWED THE DEBTOR-EMPLOYEE ON THE DATE YOU WERE SERVED THIS WRIT AS PROVIDED BY ARKANSAS CODE ANNOTATED §16-110-407.

THE AMOUNT OF WAGES AVAILABLE FOR WITHHOLDING FOR THIS JUDGMENT AND COSTS IS SUBJECT TO CERTAIN PRIOR CLAIMS. UNDER ARKANSAS LAW, INCOME WITHHOLDING FOR CHILD SUPPORT HAS A PRIORITY OVER ALL OTHER LEGAL PROCESSES. UNDER FEDERAL LAW, THE TOTAL AMOUNT TO BE WITHHELD CANNOT EXCEED THE MAXIMUM AMOUNT ALLOWED UNDER §303(b).

## NOTICE TO NON-EMPLOYER GARNISHEE

FAILURE TO ANSWER THIS WRIT WITHIN 20 DAYS OR FAILURE OR REFUSAL TO ANSWER THE INTERROGATORIES ATTACHED HERETO SHALL RESULT IN THE COURT ENTERING A JUDGMENT AGAINST YOU AND YOU BECOMING PERSONALLY LIABLE FOR THE FULL AMOUNT SPECIFIED IN THIS WRIT TOGETHER WITH COSTS OF THIS ACTION AS PROVIDED BY ARKANSAS CODE ANNOTATED §16-110-407.

## CERTIFICATE OF SERVICE

I, John P. Talbot, attorney for the Plaintiff, do hereby certify that on the 19 day of Sep? [June] 2011, I sent a copy of the Writ of Garnishment, Allegations and Interrogatories, Notice to Defendant, Notice to Employer and Non-Employer Garnishee, and Certificate of Service attached thereto, to Mr. Bruce A. Peden, 29 East Elm Street, Turrell, AR 72384, by first class mail.

_____
John P. Talbot

-2-